1  **DAVID A. DILLARD, CA Bar No. 97515**
    ddillard@lrrc.com
2  **KATHERINE L. QUIGLEY, CA Bar No. 258212**
    kquigley@lrrc.com
3  **DREW WILSON, CA Bar No. 283616**
    dwilson@lrrc.com
4  **LEWIS ROCA ROTHGERBER CHRISTIE LLP**
    **655 N. Central Avenue, Suite 2300**
5  **Glendale, California 91203-1445**
    **Telephone: (626) 795-9900**
6  **Facsimile: (626) 577-8800**

7  Attorneys for Plaintiff
    GLASS GARAGE DOOR CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| GLASS GARAGE DOOR CORP., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARM-R-LITE DOOR MANUFACTURING COMPANY, INC., a New Jersey corporation,<br><br>Defendant. | Case No. 2:16-cv-08177<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

For its complaint against Arm-R-Lite Door Manufacturing Company, Inc., ("Defendant"), Plaintiff Glass Garage Door Corp. ("Plaintiff") alleges as follows:

**JURISDICTION**

1. This is an action for patent infringement pursuant to 35 U.S.C. Section 271. This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper under 28 U.S.C. Sections 1391(b)(1) and/or (b)(2).

## PARTIES

3. Plaintiff is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1511 W. 2nd Street, Pomona, California 91766.

4. Plaintiff is informed and believes, and thereon alleges that Defendant is a New Jersey corporation having a principal place of business at 2700 Hamilton Blvd., South Plainfield, New Jersey 07080.

5. This court has personal jurisdiction over Defendant because Defendant has conducted systematic and continuous business within California and within this district and has directed its unlawful business activities towards California and this district. Further, this court has personal jurisdiction over Defendant because Defendant has sold products which Defendant knew would be sold within California and within this district and knew that such activities would damage a California company.

## FACTUAL BACKGROUND

6. Plaintiff has been engaged and is presently engaged in the design and distribution of fully insulated glass panel garage doors. Plaintiff's products are sold throughout the United States.

7. On December 5, 2006, Plaintiff filed a U.S. patent application directed to its fully insulated glass panel rolling door. It issued as U.S. Patent 8,640,414 B2 (the "'414 Patent") on February 4, 2014 and is titled "Fully Insulated Glass Panel Rolling Door." A copy of the '414 Patent is attached as Exhibit A.

8. Defendants have sold and offered for sale in this District and elsewhere, and continue to sell and offer for sale in this District and elsewhere, without the consent or authorization of Plaintiff, the "ARM-R-LITE Garage Door Platinum Collection Titan Model with Energy Efficiency Package" product that is covered by at least claims 1, 2, and 3 of the '414 Patent (the "Infringing

Product"). A claim chart corresponding to the '414 Patent and the "ARM-R-LITE Garage Door Platinum Collection Titan Model with Energy Efficiency Package" is attached as Exhibit B.

## **FIRST CLAIM FOR RELIEF**

### **(Patent Infringement)**

9. Plaintiff hereby repeats and realleges paragraphs 1 through 8 as though fully set forth herein.

10. Defendant, by itself or in concert with others, has made, used, sold or offered to sell, and continues to make, use, sell or offer to sell, in this District and elsewhere in the United States, the Infringing Product which infringes at least claims 1, 2, and 3 of the '414 Patent. The Infringing Product is not a staple article of commerce. The Infringing Product has no substantial, noninfringing use.

11. The alleged infringing acts of Defendant are performed without right, license, or authorization from Plaintiff.

12. By their aforesaid acts, Defendant has infringed the '414 Patent entitling Plaintiff to relief pursuant to 35 U.S.C. Section 271.

13. Defendant has had actual or constructive notice of the existence of the '414 Patent and despite such notice have continued to engage in acts of infringement.

14. As a direct result of Defendant's acts complained of herein, Plaintiff has been actually damaged and irreparably harmed and Defendant has been unjustly enriched, to an extent not presently ascertained, which damage, harm and enrichment will continue until enjoined by order of this Court.

15. Defendant's infringement is and has been willful and Plaintiff is entitled to enhanced damages against Defendant.

16. This is an exceptional case and Plaintiff is entitled to an award of its attorneys' fees.

**PRAYER**

Plaintiff demands judgment against Defendant as follows:

1. Adjudging and decreeing that Defendant has committed acts of patent infringement by its manufacture, use, sale, and offer for sale of the Infringing Product;

2. For a temporary and permanent injunction prohibiting Defendant and its officers, agents, servants, employees and attorneys, and other persons in active concert or participation with it, from further infringing the '414 Patent and requiring Defendant to deliver up to Plaintiff for destruction any and all Infringing Products in any Defendant's possession, custody or control, along with any items of manufacture, the sole purpose of which is to manufacture such Infringing Products, as well as any promotional literature and packaging which displays or promotes such Infringing Products;

3. For patent infringement damages in an amount not less than a reasonable royalty, and for those damages to be trebled, pursuant to 35 U.S.C. Section 284 and/or lost profits;

4. For prejudgment interest;

5. For all of Plaintiff's costs of this Action, including attorneys' fees; and

6. For such other or further relief as the Court may deem just and proper.

Dated: November 2, 2016                    Respectfully submitted,

                                           LEWIS ROCA ROTHGERBER
                                           CHRISTIE LLP

                                           By  /s/David A. Dillard
                                              David A. Dillard

                                           Attorneys for Plaintiff
                                           GLASS GARAGE DOOR CORP.

## DEMAND FOR JURY TRIAL

Plaintiff, Glass Garage Door Corp., pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury of all issues so triable.

Dated: November 2, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/David A. Dillard
David A. Dillard

Attorneys for Plaintiff
GLASS GARAGE DOOR CORP.

LBOLTER PAS1442679.1-*-11/2/16 5:32 PM